UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16-cv-00165-JHM

JACK COOPER TRANSPORT CO., INC.                                                          PLAINTIFF

V.

GENERAL DRIVERS, WAREHOUSEMEN                                                        DEFENDANT
& HELPERS, LOCAL UNION NO. 89

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss [DN 10]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

**I. BACKGROUND**

Plaintiff Jack Cooper Transport Co. (hereinafter "Cooper") and Defendant General Drivers, Warehousemen & Helpers, Local Union No. 89 (hereinafter the "Union") are parties to a multi-employer, multi-union, industry-wide collective bargaining agreement known as the National Master Automobile Transporters Agreement (hereinafter "NMATA"). (Pl.'s Resp. [DN 11] at 2.) Article 7 of the NMATA contains a comprehensive grievance and arbitration procedure and establishes the National Automobile Transporters Board of Arbitration (hereinafter "BOA"), a tripartite arbitration panel. (Id.) The BOA decides disputes over the interpretation and application of the NMATA that have been deadlocked by lower bipartite committees established under Article 7. (Id.)

To start, the Union filed a grievance against Cooper under the terms of the NMATA. (Id.) On May 28, 2015, the BOA issued an arbitration decision/award in favor of Cooper. (Def.'s Mem. Supp. Mot. Dismiss [DN 10-1] at 2.) Because the Union felt that the

decision/award did not draw its essence from the NMATA, it filed a complaint in the Western District of Kentucky in order to vacate the May 28, 2015 BOA award. (Id.) The court declined to vacate the award and granted Cooper's motion to dismiss under Fed. R. Civ. P. 12(b)(6). Gen. Drivers, Warehousemen & Helpers, Local Union No. 89 v. Jack Cooper Transp. Co., No. 3:15-CV-00572-CRS, 2015 WL 7736647, at *4 (W.D. Ky. Nov. 28, 2015). In granting Cooper's motion to dismiss, the court made no modifications to the BOA's decision of May 28, 2015. (Pl.'s Resp. [DN 11] at 3.)[1]

On March 16, 2016 Cooper filed its Complaint in this Court against the Union seeking reimbursement of costs and reasonable attorney fees related to the Union's unsuccessful attempt to vacate or otherwise modify the BOA's decision of May 28, 2015. Cooper argues that the Union must pay these costs and fees under the express terms of the NMATA and that they are not subject to the grievance procedures. The Union disagrees with Cooper's interpretation of the NMATA and argues that Cooper is not entitled to costs under the agreement.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp.

---

[1] On December 14, 2015, Cooper filed a motion for sanctions against the Union; however, Judge Simpson of the Western District of Kentucky denied Cooper's motion and also denied Cooper's request for attorney's fees, finding that if there was any obligation to pay, it was not at issue in that litigation. Gen. Drivers, Warehousemen & Helpers, Local Union No. 89 v. Jack Cooper Transp. Co., No. 3:15-CV-00572-CRS, 2016 WL 544917, at *1–2 (W.D. Ky. Jan. 28, 2016).

v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct."  Id. at 679.  Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 663 (quoting Fed. R. Civ. P. 8(a)(2)).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Though it is generally true that congressional policy favors the private resolution of labor disputes through grievance procedures set forth in a collective bargaining agreement, Republic Steel Corp. v. Maddox, 379 U.S. 650, 652–53 (1965), "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960).  Here, the Court must determine whether the requested costs and fees are due under the NMATA's terms or if they are subject to the grievance procedures contained therein.

The Union submitted several exhibits to support its Motion to Dismiss.  If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  However, this Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the

Court reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted). Cooper posits that the Union's Motion to Dismiss must be treated as one for summary judgment because Cooper relies on exhibits outside of the pleadings. (Pl.'s Resp. [DN 11] at 5.) The Union finds no objection to this. (Def.'s Reply [DN 12] at 4.) Regardless, for the purposes of this Motion to Dismiss, the Court need only examine the NMATA, which is central to Cooper's claim, and all relevant portions of which have been laid out in the pleadings. At this time, the Court finds it unnecessary to treat the Union's Motion to Dismiss as one for summary judgment.

When interpreting the NMATA, the Court will begin by examining the language of the contract. In the absence of ambiguous language, a contract must be interpreted strictly according to its terms and "by assigning language its ordinary meaning and without resort to extrinsic evidence." Wehr Constructors, Inc. v. Assurance Co. of Am., 384 S.W.3d 680, 687 (Ky. 2012) (quoting Frear v. P.T.A. Industries, Inc., 103 S.W.3d 99, 106 (Ky. 2003)). "A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations." Id. (quoting Hazard Coal Corp. v. Knight, 325 S.W.3d 290, 298 (Ky. 2010)).

The crux of the parties' dispute lies in Article 7, Section 10 of the NMATA, which states in its entirety:

> Failure of either party involved in a grievance or dispute to comply with any grievance settlement that has been reduced to writing, a final decision of a panel of any Joint Arbitration Committee or a Board of Arbitration established under this Article within ten (10) working days of the date of the decision or

4

>    settlement shall give the other party the immediate right to all legal and economic recourse in support of such decision. In the case of non-monetary settlements, disputes over non-compliance will first be sent to the Co-Chairmen of the National Joint Arbitration Committee for resolution. In the event the Co-Chairmen are unable to agree on the resolution, the Union will then have the right to strike in accordance with this Section. An Employer or Union challenging a decision issued by the Board of Arbitration in the above manner shall pay the other party the cost of such challenge, including the court costs and reasonable attorneys fees if the Court does not modify or vacate the Board of Arbitration's decision.
>
>    The provisions of Article 7, Section 1, first and second paragraphs and the provisions of Article 7, Section 13 shall not apply to recourse taken by any party under the terms of this Section.

(Def.'s Mem. Supp. Mot. Dismiss [DN 10-1] at 5–6.)  This Section contemplates legal recourse upon the failure of one of the involved parties (either Cooper or the Union) to comply with a grievance settlement or a final decision rendered by an arbitration panel within ten days of the decision or settlement.  The party that challenges the settlement or final decision rendered "in the above manner" (referencing the first sentence of the paragraph) shall then pay the other party's attorneys' fees incurred as a result of such a challenge if the challenger is unsuccessful.

The Union argues that its unsuccessful initial action seeking to challenge the arbitration decision/award did not fall under the purview of Article 7, Section 10, as it was not a suit premised upon the failure to comply with a grievance settlement or a final decision by the BOA. (Def.'s Mem. Supp. Mot. Dismiss [DN 10-1] at 6.)  Instead, the Union argues that the initial action challenged whether the arbitration decision/award drew its essence from the collective bargaining agreement itself.  (Id. at 2, 6.)  Thus, the Union asserts that the challenge to the BOA's decision was not "in the above manner" as contemplated by Article 7, Section 10 (brought based on the assertion of noncompliance); and, therefore, the provision regarding attorneys' fees does not apply. (Id. at 6.)  The Union concludes that, at the very least, the dispute

5

over the meaning of Article 7, Section 10 should be arbitrated pursuant to the agreement's grievance procedures found in Article 7, Sections 1, 7, and 13.

Cooper claims that he is owed costs and fees under the language of Article 7, Section 10 and that this request is not subject to the grievance procedures of the NMATA. (Pl.'s Resp. [DN 11] at 7.) He does concede that all questions interpreting the terms of the NMATA should be submitted to arbitration under Article 7, Sections 1 and 13. (Id. at 6–7.) The relevant paragraphs of Article 7, Section 1 state:

> The parties agree that all grievances and questions of interpretation arising from the provisions of this Agreement shall be submitted to the grievance procedure for determination.
>
> The Unions and the Employers agree that there shall be no strike, tie-up of equipment, slow-down or walk-out on the part of the employees, nor shall the Employer use any method of lockout or legal proceeding without first using all possible means of a settlement, as provided for in this Agreement, of any controversy which might arise.

(Id. at 6–7.) And, Article 7, Section 13 states:

> Unless otherwise expressly provided in this Agreement, any and all disputes, including interpretations of contract provisions arising under, out of, in connection with, or in relation to this collective bargaining agreement, shall be subject to the grievance procedure for this Agreement.

(Id. at 7.) However, Cooper asserts that these sections do not apply to the action brought by the Union because of the second paragraph in Article 7, Section 10. That paragraph provides that the grievance procedures do not apply to "recourse taken by any part under the terms of" Article 7, Section 10 of the NMATA.

Therefore, the question is whether the recourse taken by the Union in filing its first action to challenge the arbitration decision/award was the type of recourse contemplated by Article 7, Section 10. This is a matter of interpretation about which the parties obviously disagree. As Article 7, Sections 1 and 13 make definitively clear, any disputes arising out of the interpretation

6

of the terms of the NMATA are subject to the general grievance procedures. The parties bargained for and agreed to be bound to arbitrate any disputes regarding the interpretation of the NMATA's terms; therefore, the Court will respect the parties' agreement. Accordingly, the Court finds that Cooper has not stated a viable claim under Fed. R. Civ. P. 12(b)(6), as the parties must submit this interpretation question to arbitration as the NMATA requires.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 14, 2016

cc: counsel of record